# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

MICHAEL COOPER                                                                                  PLAINTIFF

v.                                                 CIVIL ACTION NO. 5:17-CV-P30-GNS

TROY BELT et al.                                                DEFENDANTS

## MEMORANDUM AND ORDER

Before the Court are the motion for leave to file an amended complaint (DN 14) filed by *pro se* Plaintiff Michael Cooper and the motion for an extension of time in which to file an answer filed by Defendants (DN 18). Each will be considered below.

### *Motion to amend (DN 14)*

This motion, titled "Motion for Leave to File an Amended Complaint and Fix Errors Herein," appears to have been prompted by the Court's Memorandum Opinion and Order on initial review of Plaintiff's complaint. In that Memorandum Opinion and Order, some of Plaintiff's claims were dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's motion seeks to explain further certain allegations regarding his retaliation claims for exercising his First Amendment rights and add one of Defendants' first names.

In response (DN 16), Defendants argue that Plaintiff's motion is not one to amend the complaint but one under Fed. R. Civ. P. 59(e) to alter or amend the judgment of the Court. However, that Rule applies to final judgments, not unappealable interlocutory orders, like the one at issue. *Phillips v. Teamsters Local Union No. 957*, No. 3-:05-CV-292, 2007 WL 397011, at *1 (S.D. Ohio Jan. 31, 2007) (citing *Fin. Servs. Corp. of the Midwest v. Weindruch*, 764 F.2d 197, 198 (7th Cir. 1985); *Morgan Guar. Tr. Co. of N.Y. v. Third Nat'l Bank of Hampden Cty.*, 545 F.2d 758, 760 (1st Cir. 1976)). Thus, Rule 59(e) does not apply here.

On initial review, the Court allowed Plaintiff's retaliation claims to go forward with the exception of his claim against Defendant Beeler for retaliating after Plaintiff said that Defendant Beeler could not read. Plaintiff's motion does not concern the dismissed retaliation claim, but rather claims that have been allowed to go forward.

The Court considers the motion to be one to amend the complaint. Under Fed. R. Civ. P. 15(a), "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it[.]" Accordingly,

Plaintiff's motion (DN 14) is **GRANTED**.

The Clerk of Court is **DIRECTED** to change Defendant Pillion's name to "Michael Pillion."

### *Motion for extension of time to file an answer (DN 18)*

Defendants have asked for more time to file an answer. As reason, they state that counsel has only recently been assigned this case and that the request is not intended to harass Plaintiff or delay the proceedings. Defendants request until and including October 5, 2017, to answer.

Plaintiff opposes the extension (DN 21). He believes that Defendants were served with the complaint on June 7, 2017, the date of the Court's order allowing certain claims to go forward. In point of fact, Defendants did not waive service until July 12, 2017, and their answer was due September 11, 2017. The motion for extension of time to file an answer was filed before the answer's due date.

**IT IS ORDERED** that Defendants' motion for an extension of time to file an answer (DN 18) is **GRANTED**. In light of the fact that the Court has allowed the amendment of the complaint, the Court will provide a greater extension than requested by Defendants to answer. Accordingly,

**IT IS ORDERED** that Defendants have until **October 13, 2017**, to file their answer to the complaint (DN 1) and the amended complaint (DN 14).

Date: September 27, 2017

Greg N. Stivers, Judge
**United States District Court**

cc: Plaintiff, *pro se*
    Counsel of record
4416.009