UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-030-TBR

MICHAEL COOPER,                                           PLAINTIFF

v.

TROY BELT, ET AL.,                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Michael Cooper and Defendants Troy Belt, Terry Peede, James Beeler, Neil Gardner, and Michael Pillion's ("the Defendants") competing motions for summary judgment. [R. 39; R. 36.] Cooper responded, [R. 38], and the deadline for Defendants to respond has passed. This matter is now ripe for adjudication. For the reasons discussed below, the Defendants' Motion for Summary Judgment, [R. 36], is GRANTED, and Plaintiff Cooper's Motion for Summary Judgment, [R. 39], is DENIED. An appropriate order shall issue separately from this Memorandum Opinion.

**BACKGROUND**

Plaintiff Michael Cooper, pro se, is an inmate at the Kentucky State Penitentiary ("KSP"). The facts of his complaint were previously summarized in the Memorandum Opinion and Order filed on June 7, 2016. [R. 10.] In short, Cooper claims that the following employees of KSP retaliated against him, mostly for filing grievances: Unit Administrator Troy Belt; Lt. Terry Peede; Lt. James Beeler; and correctional officers Neil Gardner and Michael Pillion. [R. 10 at 1; R. 1-1 at 7 (Complaint).] On March 15, 2018, Defendants filed a Motion for Summary Judgment, [R. 36], and on March 26, 2018, Cooper filed a competing Motion for Summary Judgment, [R. 39].

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

When the parties have filed competing motions for summary judgment, as is the case here, the Court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Hensley v. Grassman*, 693 F.3d 681, 686 (6th Cir. 2012) (quoting *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994)). The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

Additionally, the Court acknowledges that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner,* 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975).

Finally, it should be noted that "'a verified complaint . . . satisfies the burden of the nonmovant to respond' to a motion for summary judgment, unlike 'mere allegations or denials' in unverified pleadings." *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 385 (6th Cir. 1999)) (en banc).

## DISCUSSION
### A. Defendants' Motion for Summary Judgment

The Defendants argue that the Court should grant their Motion for Summary Judgment on three separate grounds: (1) Cooper did not exhaust administrative remedies, (2) Cooper did not establish the required elements of a retaliation claim, and (3) the Defendants are entitled to qualified immunity. [R. 36 at 4.] The Court agrees that Cooper failed to exhaust administrative remedies. Thus, in the interest of efficiency and judicial economy, the Court does not find it necessary to analyze the Defendants' latter two arguments at this time.

The Prison Litigation Reform Act (PLRA) bars a civil rights action challenging prison conditions until the prisoner exhausts "such administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules

established by state law. *Jones v. Bock*, 549 U.S. at 218-19."Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). However, "failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cty. Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 204).

According to the "Inmate Grievance Procedure," contained within the Kentucky Corrections Policies and Procedures, the "Inmate Grievance Process" involves four steps for the filing and adjudication of inmate grievances. [R. 36-3 at 7-13 (Grievance Policy).] At the first step, an informal resolution attempts to resolve the inmate's properly filed grievance. [*Id*. at 7–10.] The policy requires that the initial grievance must be filed within 5 days after the complained-of incident occurs. [*Id*. at 8.] If a grievant is dissatisfied after step 1, he may request a review by the Grievance Committee. [*Id*. at 10–12.] At this second step, the Grievance Committee reviews the grievance and makes a written recommendation. [*Id*. at 10–12.] If a grievant still is dissatisfied, he may appeal the grievance to the Warden at step 3. [*Id*. at 12.] Finally, to conclude the process, if the grievant is dissatisfied with the Warden's decision, at step 4 he may appeal to the Commissioner of the Kentucky Department of Corrections ("KDOC"). [*Id*. at 12–13.] Based on these procedures, Defendants argue that Cooper failed to exhaust his administrative remedies for his claim of retaliation. [R. 36 at 9-10.]

In order to prove that Cooper failed to exhaust his administrative remedies, Defendants submitted an affidavit from John M. Dunn, "custodian of grievances maintained by the Department of Corrections, Commonwealth of Kentucky." [R. 36-1 at 1 (Dunn Affidavit).] Dunn testified that he reviewed grievances filed by Cooper around the time of the incidents at issue, and he found four grievances filed by Cooper that were appealed to the Commissioner. [*Id*. at 1-

2.] However, none of those grievances involved the incidents from this case. [*See generally id*.] Otherwise, Dunn testified that "[t]here were no additional grievances filed by Michael Cooper that were appealed to the Commissioner during this time." [*Id*. at 2.] This Court has previously found such evidence satisfactory in granting summary judgment due to failure to exhaust administrative remedies. *Harbin v. Huddleston*, No. 5:13-CV-00150-TBR, 2014 WL 2154896, at *2 (W.D. Ky. May 22, 2014) (holding that plaintiff failed to exhaust administrative remedies when nothing in the record indicated plaintiff completed the KDOC appeals process and an affidavit from Dunn illustrated that there was no record of a fully appealed grievance concerning the issue at hand). Thus, the Defendants have presented evidence that proves Cooper did not exhaust his administrative remedies for the actions alleged in his complaint.

In support of his complaint, Cooper attached five grievances as exhibits. [R. 1-2 at 16-36 (Grievance Exhibits).] None of these attached grievances are related to the incidents involved in this case. Moreover, all of the events described in the grievances occurred before February 19, 2017—the date of the initial retaliation against Cooper. [*See* R. 1-1 at 3.] Only one of those grievances filed was accompanied by a "Commissioner's Review;" however, it involved a different incident that occurred on October 10, 2016. [*Id*. at 30.] In further support of his Complaint, Cooper briefly addresses the issue of exhaustion of administrative remedies in his Response. There, he quotes the definition of "Non-grievable issues" and states: "Instead of filing a grievance on a non-grievable issue plaintiff exhausted his administrative remedies via appeal to the warden Randy White." [R. 38 at 4.] Cooper appears to argue that he was only required to appeal this issue to Warden Randy White because it was a "non-grievable issue." Cooper gives no explanation as to why his grievance falls under this definition and no evidence that he

appealed the matter to Warden Randy White. Thus, the Court finds Cooper's argument unconvincing.

In summary, the Court finds that the Defendants have carried their burden of proof under the applicable affirmative defense and Cooper did not properly exhaust his remedies under the policies and procedures of the Kentucky Department of Corrections. Defendants' Motion for Summary Judgment, [R. 36], is GRANTED.

### B. Cooper's Motion for Summary Judgment

In his Motion for Summary Judgment, Cooper states that "[t]he issues of what took place are not in dispute; rather if the officers did so out of retaliation." [R. 39 at 1.] The only statement Cooper makes in support of his motion is as follows: "One must look at the metaphysics of the claims and the fact that the correctional officers acted mordantly over a flooded cell.[1] Something so innocuous doesn't warrant such consequences. It is inexorable." [*Id*. at 1-2.][2] With no further evidence or argument in support of his claim, the Court finds that Cooper is not entitled to judgment as a matter of law.

### CONCLUSION

For the reasons stated herein, the Defendants' Motion for Summary Judgment, [R. 36], is GRANTED. Plaintiff Cooper's Motion for Summary Judgment, [R. 39], is DENIED. An appropriate order shall issue separately from this Memorandum Opinion.

cc: Counsel of Record

Michael Cooper, Pro Se
211158
KENTUCKY STATE PENITENTIARY
266 Water Street
Eddyville, KY 42038

---

[1] Cooper appears to be referencing the events of February 21, 2017. Cooper states that on that date, after his neighbor flooded his cell, Peede sprayed him twice with mace and a nurse "poured water over [his] mouth and nose trying to drownd [sic] me." [R. 1-1 at 4.]

[2] The rest of Cooper's Motion for Summary Judgment consists of Cooper asking for a list of remedies, including two permanent injunctions, punitive damages, payment of medical expenses, court costs, and restitution, and compensatory damages. [R. 39 at 2-3.]

6